STATE OF NORTH CAROLINA v. FRANK ROLAND SMITH

No. 7512SC656

(Filed 17 December 1975)

Criminal Law § 114— instructions on case against another — no expression of opinion

In a prosecution for possession of heroin wherein the evidence showed that the heroin was found in a mobile home rented by a person

State v. Smith

other than defendant, the trial court did not express an opinion on the evidence in instructing the jury that the case against the person who rented the mobile home had been continued that morning and that the jury should not speculate on the facts of some other case.

APPEAL by defendant from *Bailey, Judge.* Judgment entered 8 May 1975 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 17 November 1975.

Defendant was charged in a bill of indictment with the felony of possession of heroin.

The State's evidence tends to show: Police officers armed with a search warrant went to a mobile home. As they approached the mobile home, one Victoria Graham looked out the front door and then ran back into the home. The officers knocked on the front door, identified themselves, and announced they had a search warrant. There were clear glass windows in the front door. The officers saw defendant as he jumped from his seat in the living room and as he ran towards the rear of the trailer. After defendant ran out of the living room, the commode in the bathroom was flushed. One of the officers disconnected the line leading from the commode to the septic tank and recovered seven tinfoil packets of heroin as it flushed down the line. Defendant was seen standing directly in front of the commode as it was flushing. Mail addressed to the defendant at the address of the mobile home was found on a table in the bedroom.

Defendant's evidence tended to show that he did not live at the mobile home and that the mobile home was rented to Victoria Graham.

The jury returned a verdict of guilty as charged, and judgment of imprisonment was entered.

*Attorney General Edmisten, by Associate Attorney Noel Lee Allen, for the State.*

*Downing, David, Vallery and Maxwell, by Edward J. David, for the defendant.*

BROCK, Chief Judge.

The foregoing statement of facts reveals evidence which required submitting the case to the jury. Defendant's motions for nonsuit were properly overruled, and his first assignment of error is likewise overruled.

During the trial there was testimony that the mobile home in question was rented to Victoria Graham. She looked out of the front door, saw the officers approaching, and ran towards the rear of the trailer. She was seen peering out of the bathroom window as the commode started to flush. She was later observed coming out of the bedroom.

After instructing the jury upon its duty to recall and deliberate upon all of the evidence, its duty to determine the credibility of the evidence, and its duty to determine the weight to be accorded to the evidence, his honor instructed as follows:

> "Now, Ladies and Gentlemen, we are trying the case entitled State versus Frank Roland Smith. It is not for you to speculate on facts of some other case, such as the case of State versus Victoria Graham. The fact of the matter is, the case against Victoria Graham was on the calendar for trial and was continued this morning. You will not speculate on the evidence in some other case; you will be guided by the evidence in this case."

By his second assignment of error defendant argues that the above quoted instruction was error prejudicial to him. He argues that the instruction constituted an expression of opinion by the trial judge that defendant was the possessor of the heroin and that is the reason Victoria Graham was not being tried.

Although it is not clear from the record before us, it seems reasonable to surmise that the instruction was prompted by argument of defense counsel to the jury. While we fail to see the necessity for the instruction, we conclude that it does not constitute an expression of opinion upon the evidence in the case or an expression of opinion that defendant is guilty. Considered as a whole, the charge of the court was fair to the defendant in all respects. This assignment of error is overruled.

No error.

Judges BRITT and MORRIS concur.